# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| vs. : | **CRIMINAL NO.: 21-00166-KD-N** |
| **ERIC TURRENTINE** : | |

## ORDER ON ARRAIGNMENT

Defendant, **Eric Turrentine,** appeared in Court with **appointed counsel Jason Bradley Darley,** and was arraigned in accordance with Fed.R.Crim.P. 10. The United States was represented by **Assistant United States Attorney Katherine Chappelear.**

PLEA. The defendant entered a plea of **NOT GUILTY**. Counsel for the defendant is requested to contact the U. S. Attorney immediately if the defendant intends to engage in plea negotiations. **If defendant decides to change this plea, the parties shall file a Notice of Intent to Plead Guilty[1] no later than the pretrial conference** and the case will then be set on a plea docket. If defendant files a Notice of Intent to Plead Guilty prior to the pretrial conference, the Court will schedule a change-of-plea hearing based on the directions of the district judge to which the case is assigned.[2]

TRIAL. In order to ensure compliance with the Speedy Trial Act, this action is set for trial during the **DECEMBER 2021** criminal term. Jury selection is tentatively scheduled for **November 29, 2021 at 8:45 a.m.**[3]; however, the final jury selection and trial schedule will be published by the presiding District Judge no later than the Wednesday prior to the week of jury selection. A request to reschedule the trial term may be presented in a joint motion if the parties agree that due to the nature of the case, more time is needed for discovery and adequate preparation by defense counsel. As is the practice in this District, the defendants shall certify their agreement to any requested continuances by timely filing a waiver of their speedy trial rights that substantially complied with the form attached to this Order (Attachment 1).

DISCOVERY. Discovery in this action shall be conducted according to the requirements of ALSD CrLR 16. If the United States has not provided the information required

---

[1] The Notice of Intent to Plead Guilty shall reflect the specific count(s) to which Defendant will plea and whether there is a plea agreement.

[2] In those instances where a Notice of Intent to Plead Guilty is filed prior to the pretrial conference date, it is not necessary for counsel or the defendant to appear for a conference.

[3] The final jury selection and trial schedule will be published by the presiding District Judge no later than the Wednesday prior to the week of jury selection.

by CrLR 16.(b)(1) at the time of arraignment, a notice shall be filed no later than **October 20, 2021** which identifies the outstanding discovery and provides the anticipated production date. Disclosures by the defendant, required in CrLR 16(b)(4), shall be accomplished no later than **October 27, 2021**.

BRADY OBLIGATIONS. Pursuant to the Due Process Protections Act, the Court confirms that the United States has an obligation to produce all exculpatory evidence to the Defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders the United States to produce that information. Failure to provide the required information in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

JENCKS ACT STATEMENTS.  The Government agrees to provide defense counsel with all Jencks Act statements no later than the **day scheduled for the commencement of the trial**.

PRETRIAL MOTIONS.  All pretrial motions under Fed.R.Crim.P. 12(b), 14 and 16 and all notices or demands under Fed.R.Crim.P. 12.1, 12.2, and 12.3, and Criminal L. R. 12.5 (entrapment), and any motion to compel must be filed no later than **TWO WEEKS AFTER ARRAIGNMENT IN THIS CASE, October 27, 2021**.  Pretrial motions filed after this date **must** contain an explanation as to why they were not timely filed and will be considered only if good cause for the tardy filing has been shown.  Any motion in limine must be filed no later than **FIVE BUSINESS DAYS AFTER THE FIRST PRETRIAL CONFERENCE HELD IN THIS CASE, November 16, 2021.**  Response to the motion in limine is due no later than **FIVE BUSINESS DAYS AFTER THE MOTION IS FILED**.  Motions to continue not raised prior to or during the Pretrial Conference are waived except in those situations when events occurring after the Pretrial Conference require an extension of the original period.

PRELIMINARY SENTENCING GUIDELINES INFORMATION.  The United States Probation Officer assigned to this case is **Melissa Rankin**.  Ms. Rankin is directed to prepare and file preliminary guideline sentencing calculations based on the relevant information that is available. The preliminary report is to be filed no later than two days before the status conference, **October 25, 2021**, so that the parties will have sufficient time to review the report prior to the status conference.  The filing of these preliminary calculations is solely for the purpose of providing the attorneys and defendants with information that may be helpful in analyzing the possible applications of the United States Sentencing Guidelines and in preparing the case for trial or other resolution. Counsel shall be prepared to raise any questions or concerns about the calculations during the status conference.

STATUS CONFERENCE.  This action is scheduled for a **TELEPHONIC STATUS CONFERENCE** on **October 27, 2021,** at **9:30 a.m. before Magistrate Judge Cassady. Call-in information: 877-873-8018; Access Code: 3291819**.  Defense counsel, Defendant (if on bond), and lead Assistant United States Attorney, are directed to participate at the status conference.  The attorneys are expected to have conferred with their clients and to have thoroughly reviewed the preliminary report and discovery materials prior to the status conference so as to foster meaningful discussions about the ultimate disposition of the case.  The status conference represents a critical stage in the criminal proceedings; thus, participation by all

attorneys is **mandatory**. The date and time of the status conference can be modified only with the consent of the assigned Probation Officer, and approval of the Magistrate Judge, but in no event will the conference be conducted within seven days prior to the pretrial conference.

In those instances where a Notice of Intent to Plead Guilty is filed prior to the status conference date, is not necessary for counsel or the Defendant to appear for the status conference provided defense counsel has also executed and filed a Certification of Preliminary Guideline Calculations (Attachment 2) along with a Notice of Intent to plead guilty.

PRETRIAL CONFERENCE.  A **TELEPHONIC** pretrial conference is hereby scheduled to be conducted in Courtroom 5B, 155 St. Joseph Street, Mobile, Alabama 36602, on **November 9, 2021 at 9:00 a.m.** Call in number 888-278-0296, Access Code 3668069. **Lead trial counsel shall attend the pretrial conference and shall be prepared to give a firm commitment at the pretrial conference as to the final disposition of this action.**  Defense counsel and counsel for the Government shall be prepared to discuss all pending motions and discovery requests, possible stipulations, estimated length of the trial, change of plea, preliminary guideline calculations and any other preliminary matters.  The defendant may attend this conference, but his/her presence is not required. **Counsel who considers it necessary to have his/her in-custody clients present during the conference must notify the Magistrate Judge within three business days of the conference date so that an order to produce can be issued to the United States Marshal.** *The parties are expected to give a firm commitment at the pretrial conference as to the final disposition of this case.* **Motions for a continuance will only be considered if they have been filed prior to the pretrial conference and have an appropriate speedy trial waiver form attached.** (Attachment 1)

MANDATORY APPEARANCE OF COUNSEL.  Counsel of record for all parties are ORDERED to appear at all future Court proceedings in this criminal case.  Those attorneys who find it impossible to be in attendance (especially at the pretrial conference, jury selection, or trial) must make arrangements to have substitute counsel appear on behalf of their clients.  Any attorney who appears as substitute counsel for a defendant shall have full authorization from the defendant to act on his or her behalf and be fully prepared to proceed.  Substitute counsel shall not serve as counsel for a co-defendant unless permitted by the Court after proper motion.

LOCAL RULES.  All parties are reminded that the Local Rules and Standing Orders of the Southern District of Alabama contain important requirements concerning discovery, representation of defendants, and other matters.  They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Co.), and posted on the Court's website, **http://www.alsd.uscourts.gov**.  Since they are amended from time to time, the most current version may be the version posted by the Clerk of Court.

DONE and ORDERED this 13th day of October, 2021.

                                               s/KATHERINE P. NELSON
                                       UNITED STATES MAGISTRATE JUDGE

ATTACHMENT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
_____ DIVISION

**UNITED STATES OF AMERICA** *

VS.                                          *      Cr. Action No.: _____

_____            *

**Defendant.**                           *

**WAIVER OF RIGHT TO A SPEEDY TRIAL**

    I understand that I have the right to have my trial commence within the time required by the Speedy Trial Act, 18 U.S.C. § § 3161-3174, but have elected to have that time period extended.

    I, being fully advised of my rights regarding a speedy trial, knowingly, intelligently and voluntarily waive (GIVE UP) my right to a speedy trial.   This decision has been made after I:

    (A)   was advised by my attorney of the reasons for seeking a continuance;
    (B)   became aware that the time requested in the extension may be excluded from any calculation of time under the Speedy Trial Act; and

    (C)   with full understanding and knowledge, have agreed to the extension of time to the _____, 20____ trial term.
        [month]

    I certify under the penalty of perjury that the foregoing is true and correct on this the _____ day of _____, 2019.

_____
DEFENDANT'S NAME

APPROVED BY:

_____
ATTORNEY'S NAME

4

ATTACHMENT 2
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| vs. | : CRIMINAL NO. |
| | : |
| | : |
| DEFENDANT. | : |

CERTIFICATION REGARDING THE PRELIMINARY GUIDELINE
CALCULATIONS OF THE PROBATION OFFICER

      The Court, during the arraignment hearing, directed the United States Probation Officer to prepare preliminary calculations, consistent with United States Sentencing Guidelines, as an aide to the parties' efforts to determine the range of possible sentences that could be imposed should the Defendant be found guilty on any pending charge. It was intended that the Court, the Defendant, Defendant's attorney and the Assistant United States Attorney, would have had an opportunity to examine the report on preliminary calculations prior to the pretrial conference. It was also recognized that the calculations would be based on the Probation Officer's review of the relevant information available to the Probation Officer at the time his report is completed and filed.

The Probation Officer in this action has completed the preliminary guideline calculations and they have been shared with the parties. After receipt and review of these preliminary calculations, counsel certifies to the following:

      1. A copy of the Probation Officer's report containing the preliminary guideline calculations has been shown to the Defendant and we discussed the guideline calculations contained in the report;

      2. I have provided the Defendant with an independent assessment of the preliminary guideline calculations contained in the report;

      3. The Defendant has been given an opportunity to ask questions regarding the preliminary guideline calculations and I have responded to those questions; and

      4. The Defendant was advised that the preliminary guideline calculations contained in the report are based on the Probation Officer's review of the relevant information available to him/her at the time the report was completed and filed, and that the United States Sentencing Guidelines are advisory and do not bind the Court. Furthermore, the Defendant was also advised that the preliminary guideline calculations might be different from the final calculations in the event he/she is found guilty on any pending charge and a presentencing report is ordered.

   I certify under the penalty of perjury that the foregoing is true and correct on this the _____ day of _____, 2020.

            _____
            Attorney's Signature

            _____
            Attorney's Name Printed

            Attorney for Defendant_____